UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHKAN RAJAEE,<br><br>                              Plaintiff,<br><br>   v.<br><br>TYLER BRANDON DAVIS, et al.,<br><br>                              Defendants. | Case No.: 24-cv-1-RSH-KSC<br><br>**ORDER DENYING PLAINTIFF'S RULE 60 MOTION**<br><br>[ECF Nos. 164, 172] |

Pending before this Court is a motion for relief under Federal Rule of Civil Procedure 60, filed by plaintiff Askhan Rajaee. ECF No. 164. As set forth below, the Court denies the motion.

**I.  BACKGROUND**

On January 2, 2024, Plaintiff, proceeding pro se, initiated this action against 41 named defendants and Does 1 through 99. ECF No. 1. The Complaint's seventeen claims focused on a dispute between Plaintiff and defendant Tyler Davis, a former business partner at TopDevz, LLC ("TopDevz"), over ownership of TopDevz. Plaintiff alleged that the dispute resulted in an erroneous arbitration award against him, which was then confirmed by a judgment of the California Superior Court, all as a result of fraud committed

1

by Defendants. Plaintiff asked this Court to vacate the state court's judgment affirming the arbitration award; to declare that the judgment is "void and unenforceable"; and to enjoin Defendants from collecting on or enforcing the judgment. ECF No. 1 at 74-75. Plaintiff also sought damages. *Id.* at 75.

On April 11, 2024, upon motions by Defendants, the Court dismissed the Complaint for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. ECF No. 138. The Court determined that Plaintiff's lawsuit was a de facto appeal of the judgment of the Superior Court. *Id.* at 8-11. This Court entered a judgment of dismissal on April 12, 2024. ECF No. 139. Plaintiff did not appeal.

On August 18, 2025, Plaintiff filed his Rule 60 motion. ECF No. 164. Plaintiff's motion argues that the Superior Court judgment against him was "void and procured by fraud," and that by extension this Court's order of dismissal pursuant to *Rooker-Feldman* is also void. *Id.* at 7. The motion is fully briefed. *See* ECF Nos. 165-70.

## II.   DISCUSSION

Plaintiff's motion invokes Rule 60(b)(4), (b)(6), and (d)(3). ECF No. 164 at 2. Those portions of Rule 60 provide:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> . . . .
>
> (4) the judgment is void; [or]
>
> . . . .
>
> (6) any other reason that justifies relief.
>
> (d) **Other Powers to Grant Relief.** This rule does not limit a court's power to:

(3) set aside a judgment for fraud on the court.

Fed. R. Civ. P. 60.

The Court previously dismissed the case for lack of subject matter jurisdiction. ECF No. 138. Plaintiff's motion does not address the analysis in the Court's order, but rather argues—just as he did in opposing the motion to dismiss—that the Superior Court judgment was void and the product of fraud. Rule 60 is a rule of procedure, but does not confer subject matter jurisdiction that is otherwise lacking. *See Holder v. Simon*, 384 F. App'x 669, 669 (9th Cir. 2010) ("The district court properly dismissed [the] complaint sua sponte because Rule 60(b) does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment."); *In re Reyes*, No. EC-18-1229-BSL, 2019 WL 1759749, at *5 (9th Cir. Apr. 19, 2019) ("The law is quite clear that Civil Rule 60(b) applies to relief from judgment of a federal court; it does not provide a basis for subject matter jurisdiction over a claim for relief from a state court judgment.") (collecting cases); *Meyer v. Litzenberg*, No. C 16-3010 WHA, 2016 WL 7491608 (N.D. Cal. Dec. 30, 2016) ("[N]o part of Rule 60 confers subject-matter jurisdiction."). The Court has no more subject matter jurisdiction now that it did at the time it dismissed Plaintiff's lawsuit.[1]

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's motion [ECF No. 164] is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 31, 2025

Hon. Robert S. Huie
United States District Judge

---

[1]   Plaintiff has also filed a motion to strike various documents filed by defendants and to issue an order to show cause regarding sanctions. ECF Nos. 172-74. The motion recites a list of grievances and is without merit. Additionally, the Court did not rely on the filings that Plaintiff seeks to strike. The motion appears to be an attempt to harass Plaintiff's opponents, in a case in which judgment was entered over a year and a half ago. The Court **DENIES** Plaintiff's motion.